***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms with minor modifications, the Decision and Order of the Special Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On September 13, 2010, Plaintiff initiated this civil action by filing his Tort Claims Act Affidavit with the North Carolina Industrial Commission.
2. Plaintiff's Affidavit alleges that employees or agents of the North Carolina Department of Correction (hereinafter "NCDOC") committed acts of negligence by denying Plaintiff access to educational classes based upon false allegations. *Page 2 
3. On September 24, 2010, Defendant filed a Motion to Dismiss and Motion for Stay of Discovery.
4. Defendant moved to dismiss the action on the grounds that Plaintiff has set forth allegations of either intentional conduct, or violations of state and/or federal constitutional rights, and that under the Tort Claims Act, the Industrial Commission lacks subject matter jurisdiction over Plaintiff's claim. Defendant further moved to dismiss the action on the grounds that Plaintiff has failed to state a claim upon which relief may be granted in that the allegations, even if taken as true, are not sufficient to establish negligence on the part of Defendant.
5. Pursuant to Defendant's Motion to Dismiss, the above captioned tort claim was set for a pretrial videoconference hearing on Tuesday, December 7, 2010.
6. Plaintiff indicated that he wanted to earn his G.E.D., that he had been removed from NCDOC educational classes for no good reason, and that he was being denied his right to get an education.
7. The Full Commission finds, taking all alleged facts in the light most favorable to Plaintiff, that Plaintiff's allegations are of a constitutional nature.
8. The Full Commission finds, taking all alleged facts in the light most favorable to Plaintiff, that Plaintiff has failed to assert a potential claim for negligence.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) (2007) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. *Page 3 
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence" on the part of the plaintiff. N.C. Gen. Stat. § 143-291(a) (2007).
3. A defendant's motion to dismiss tests the legal sufficiency of a plaintiff's complaint by presenting the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under the Tort Claims Act. See Isenhour v. Hutto,350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999).
4. "A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which would be proved in support of the claim." Newton v. Standard Fire Ins. Co.,291 N.C. 105, 111, 229 S.E.2d 297, 300 (1976) (citations and internal quotation marks omitted).
5. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the Full Commission has determined that Plaintiff's cause of action is based upon alleged violation of constitutional rights and not negligence. The North Carolina Industrial Commission does not have jurisdiction to hear Plaintiff's claim alleging a violation of his constitutional rights. See Medley v. N.C. Dep't of Correction,330 N.C. 837, 843, 412 S.E.2d 654, 658-59 (1992) (distinguishing between claims of a constitutional nature and claims for negligence). As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice. *Page 4 
6. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the Full Commission has determined that Plaintiff has failed to sufficiently state a claim for negligence upon which relief may be granted. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss is GRANTED and Plaintiff's above captioned tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the ___ day of September 2011.
 S/__________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/__________ LINDA CHEATHAM COMMISSIONER
 S/__________ TAMMY R. NANCE COMMISSIONER *Page 1